**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |  |
|---|---|---|---|
| LASHA KILADZE, | | : | |
| | Plaintiff, | : | |
| | | : | |
| | v. | : | Civil No.: 2:26-cv-04079 |
| | | : | |
| JAMAL L. JAMISON, et al., | | : | |
| | Defendants. | : | |

**ORDER**

**AND NOW**, this 23rd day of June, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1), the Government's letter dated June 17, 2026 (ECF No. 3), and

Petitioner's Reply (ECF No. 5), **IT IS HEREBY ORDERED** as follows:

1.      The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Kiladze has resided in the United States since he entered on or around October 13, 2023. *See* Pet. for Habeas Corpus ("Habeas Pet.") ¶ 2. Upon entering, the United States Customs and Border Protection ("CBP") detained him. *See id.* CBP interviewed Mr. Kiladze to review his asylum claim. *See id.* Based on Mr. Kiladze's circumstances, he was granted permission to lawfully enter the United States and granted parole under 8 U.S.C. § 1182(d)(5). *See id.* ¶ 3. Mr. Kiladze submitted a timely asylum application, and "everything had been done precisely as Congress directed." *See id.* ¶¶ 4-5. Since residing in the United States, Mr. Kiladze has been a law-abiding member of society. *See id.* ¶ 4. Nevertheless, on June 12, 2026, Immigration and Customs Enforcement ("ICE") arrested him, revoked his parole without explanation or notice, and detained him under 8 U.S.C. § 1225(b)(1). *See id.* ¶¶ 5-7.

The Government contends that Mr. Kiladze was subject to mandatory detention under Section 1225(b)(1) because he was initially processed for expedited removal and returned to his "detention status"—mandatory detention—when his parole ended. *See* Gov't Letter Br., at 1-2 (ECF No. 3). But the Government neglects that it had to provide Mr. Kiladze ***notice*** and a ***meaningful opportunity*** to respond to its revocation. *See* 8 C.F.R. § 212.5(e)(2)(i) ("[U]pon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated ***upon written notice to the alien*** and he or she shall be restored to the status that he or she had at the time of parole." (emphasis added); *Sadykov v. Rose*, No. 2:26-cv-00086 (E.D. Pa. Jan. 16, 2026) (Younge, J.) (discussing notice and meaningful opportunity); *Talabadze v. Rose*, No. 26-cv-00360 (E.D. Pa. Jan. 30, 2026) (Perez, J.) (same); *Seminario-Marcos v. Jamison*, No. 26-cv-00421 (E.D.

2.      Mr. Kiladze is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1);

3.      The Government shall **RELEASE** Mr. Kiladze from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on June 24, 2026;

4.      If the Government chooses to pursue re-detention of Mr. Kiladze pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Pa. Feb. 6, 2026) (Kearney, J.) (same); *Vargas-Quajada v. Jamison*, No. 26-cv-00914 (E.D. Pa. Feb. 17, 2026) (McHugh, J.) (same).

The Government also relies on *Brando Ribeiro v. Jamison*, 26-cv-2326 (E.D. Pa. May 20, 2026) (Wolson, J.), but *Brando Ribeiro* is inapplicable here. Mr. Brando Ribeiro's parole expired in November 2021, he did not return to ICE custody as required, he was arrested for theft-related offenses and failed to appear at the subsequent immigration court hearing, the immigration judge ordered Mr. Brando Ribeiro removed *in absentia*, and he remained a fugitive until his arrest in April 2026. *See* Mem., *Brando Ribeiro v. Jamison*, 26-cv-2326, at 3 (E.D. Pa. May 20, 2026) (Wolson, J.). Contrast that with Mr. Kiladze, who was on parole until ICE detained him without notice or explanation. *See* Habeas Pet. ¶¶ 5-6; *see also* Gov't Letter Br. (failing to contest Mr. Kiladze's allegations as to the status of his parole).

Because Mr. Kiladze was granted parole pursuant to 8 U.S.C. § 1182(d)(5), he is no longer subject to mandatory detention under 8 U.S.C. § 1225(b). Accordingly, Mr. Kiladze's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.